In the United States District Court
For the District of Puerto Rico

| | |
|---|---|
| The United States of America,<br><br>Plaintiff<br><br>v.<br><br>Hitler Cintrón-Ortiz,<br><br>Defendant. | Cr. No. 21-316 (ADC) |

MOTION IN-LIMINE
RE: GOVERNMENT'S EXPERT WITNESSES

TO THE HONORABLE AIDA M. DELGADO-COLON
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

COMES NOW the defendant, Hitler Cintrón-Ortiz ("Mr. Cintrón-Ortiz"), represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney, and very respectfully states, alleges and prays as follows:

I.   Introduction

On September 27, 2021, defense counsel sent a six (6) page detailed discovery request letter to the government, pursuant to Local Rule 116.1 and Rule 16 of the Federal Rules of Criminal Procedure.  Regarding expert notice, defendant requested *"whether the government intends to call expert witnesses to testify in this case.  If so, state the name, current physical and/or postal address, job title, curriculum vitae, and a brief summary as to the area that such witness will be called upon to testify.  Also, provide a copy of any report by the expert along with any notes upon which the report is based."*

The Court set a deadline for the government's expert witness notice for June 6, 2022. *D.E. 16*. On this same date, the government filed its notice. D.E. 19. The government's notice of intent to use expert witnesses violates Rule 16 of the Federal Rules of Criminal Procedure and violates defendant's procedural and substantive due process protections. For the following reasons, we respectfully request the exclusion of these testimonies.

II.     Discussion

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure states that, at defendant's request, the government must provide written summary of any testimony it intends to use under Fed. R. Evid. 702, 703, or 705 during case-in-chief. The summary must describe the witness's opinions, bases and reasons for those opinions. Fed. R. Crim. P. 16(a)(1)(G); *United States v. Bresil*, 767 F .3d 124 (1st Cir. 2014). This rule is intended to minimize surprise that often results from unexpected expert testimony, to reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination. *Id.*, at 127; *see also*, Fed. R. Crim. P. 16 advisory committee's note (1993 Amendment).

The expert's summary should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion. Fed. R. Crim. P. 16 advisory committee note (1993). Where an opinion is to be offered, it is not sufficient to provide a list of general subject matters to be covered; the government's disclosure must identify the opinion of the expert on those subject matters. *See, e.g.*, *United States v. White*, 492 F .3d 380-406-07 (6th Cir. 2007); *United States v. Duvall*, 272 F .3d 825, 829 (7th Cir. 2001).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Crim. P. 401. On the other hand, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Crim. P. 403.

Even a small risk of misleading the jury, or a modest likelihood of unfair prejudice is enough to outweigh the probative value of marginally relevant evidence. *United States v. Espinoza-Baza*, 647 F .3d 1182, 1191 (9th Cir. 2011). Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged. *United States v. Haischer*, 780 F .3d 1277, 1282 (9th Cir. 2015). Evidence may be unfairly prejudicial if it has the capacity to lure the factfinder into declaring guilt on a ground different from proof <u>specific to the offense charged</u>. *United States v. Durham*, 902 F .3d 1180, 1224 (10th Cir. 2018) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Mr. Cintrón-Ortiz objects to the following witnesses' testimony: 1) Dr. Edda L. Rodríguez-Morales, forensic pathologist; 2) FBI Special Agent Wendell Cosenza, Cellular Analysis Survey Team; and 3) ATF Special Agent Raúl Peña.

1. Dr. Edda L. Rodríguez-Morales

A Grand Jury charged Mr. Cintrón-Ortiz with being a felon in possession of ammunition. D.E. 1. The Grand Jury did not charge him with murder. Local authorities already charged Mr. Cintrón-Ortiz with first degree murder, and he was acquitted. This

trial must not be a second chance at the bat for the government to try Mr. Cintrón-Ortiz with a felon in possession charge, but introducing evidence related to the murder allegations.

According to the government's notice, Dr. Rodríguez-Morales would provide expert testimony describing the wounds in the victim's body, and other forensic examination of the body. Along with this notice, the government provided the autopsy report. Her testimony, and the autopsy report, are irrelevant to prove the elements of a felon in possession charge. To prove beyond a reasonable doubt Mr. Cintrón-Ortiz' guilt, the government must prove that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year, that he knowingly possessed the ammunition, and that said ammunition was shipped and transported in interstate and foreign commerce. That is it. No testimony regarding the autopsy nor the forensic examination of the victim's body has any tendency to make any of these elements more probable.

Even assuming *arguendo* that the Court finds Dr. Rodríguez-Morales' testimony as relevant, which Mr. Cintrón-Ortiz does not concede, it would be unfairly prejudicial. The testimony would include numerous gruesome images of the victim's body, discuss the wounds sustained by the victim and cause of death, provoking an emotional response in the jury that affects adversely their attitude toward Mr. Cintrón-Ortiz. The admissibility of this testimony would confuse the issues and mislead the jury, as Mr. Cintrón-Ortiz is charged with being a felon in possession of ammunition, not with murder. Receiving this expert testimony, along with any supporting reports or documentation regarding the autopsy and forensic examination of the body, would make a conviction more likely. It

will necessarily provoke an adverse emotional response in the jury and will affect the jury's attitude adversely towards Mr. Cintrón-Ortiz wholly apart from its judgement <u>of the crime charged</u>.

Rule 403 authorizes exclusion of evidence when the probative value of that evidence is substantially outweighed by its prejudicial impact. *See United States v. Sabean*, 885 F .3d 27 (1st Cir. 2018). *See also United States v. Mejia*, 529 F.2d 995 (9th Cir. 1976); *United States v. Blackstone*, 56 F.3d 1143, 1146 (9th Cir. 1995) ("Evidence is prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instincts to punish, or triggers other mainsprings of human action"). This testimony must be excluded as the jury would be highly influenced to find Mr. Cintrón-Ortiz guilty of the murder of this individual.

2. FBI Special Agent Wendell Cosenza

The Court set a deadline for expert witness notice for <u>June 6, 2022</u>. Under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, this notice must include a written summary of any expert testimony, including the witness's opinions, bases and reasons for those opinions. By this day, the government has only informed a brief description, not a summary, of Mr. Cosenza's testimony: "*regarding his analysis of data records for cellular phone call number 787-662-1505, including call detail records, event data, data of communications, and cellular tower data establishing the general location of the phone. The data may be presented in graphic form*". This is the only information provided by the government regarding this witness, clearly in violation to Rule 16 and to

the Court's deadline. No summary, report, opinions, or bases have been provided.[1] The government merely provided a *description*, not a *summary*, of this witness' testimony. His testimony must be excluded. A late disclosure of any report now would only delay proceedings, as defense counsel would need additional time to review the reports, which potentially could include hiring our own expert for analysis.

This lack of detail in the government's disclosure runs afoul also of Federal Rule of Evidence 702 and the Supreme Court's pronouncements in *Daubert*. The government has not established that Agent Cosenza's testimony meets the requirements of Rule 702. As noted above, the government has not provided the methodology for Agent Cosenza's opinions, let alone whether such methodology has been reliably applied to the facts. Without such information, this Court cannot determine that Agent Cosenza's testimony is admissible, and the government's notice and use of expert witnesses should be denied. In *Daubert*, the Supreme Court held that district courts are the gatekeepers to the admissibility of scientific evidence under Rule 702. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The Court required that such scientific evidence be both relevant and reliable. *Id*. This gatekeeping responsibility, as well as the relevance and reliability requirements, were subsequently extended to all expert testimony in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999).

3. ATF Special Agent Raúl Peña

The expert notice for SA Peña is also in violation of Rule 16. The government provided no summary, opinions or its corresponding bases. They instead provided a description of

---

[1] Footnote no. 6 of government's notice states that SA Cosenza is currently working on his report, and that a copy will be provided once completed. We are past the court-imposed deadline, and no report has been provided.

6

his testimony: *"SA Peña will provide testimony regarding, but not limited to, the extractions using Cellebrite software of the telephones seized in this case and the contents of the data retrieved from the phones…SA Peña will then testify as to the contents of the phones…"*

This notice is also in violation of Rule 12(b)(4)(A) & (B) of the Federal Rules of Criminal Procedure.  This rule provides for the government to notify the defendant of its intent to use *specified* evidence at trial in order to afford the defendant an opportunity to object before trial.

This rule, which previously was Rule 12(d), provides a mechanism for insuring that a defendant knows of the government's intention to use evidence to which the defendant may want to object so that the defendant may avoid the necessity of moving to suppress evidence which the government does not intend to use. *United States v. de la Cruz-Paulino*, 61 F .3d 986, 993-94 (1st Cir. 1995).  It is intended to facilitate the making of a pretrial motion for suppression of evidence. *Id*. This in turn preserves the integrity of a trial by not interrupting it with suppression motions. *Id*. Moreover, Rule 12(b)(4)(B) assists the government by assuring that its evidence-in-chief is admissible, and thus lessening the possibility of a mistrial or reversal on appeal through use of tainted evidence. *United States v. Smith*, 277 Fed. Appx. 187 (3rd Cir. 2008).

Here, the government's notice of its intent to use this expert is ambiguous and overbroad. It denies Mr. Cintrón-Ortiz of his right to know what specific evidence the government intends to use against him.  For example, the extraction consists of numerous documents, such as messages, images, videos, emails, audios, etc., which makes it practically impossible for the defense to predict which specific document the government

7

intends to use for it to file a pretrial motion. Listing the complete extraction as a piece of evidence denies Mr. Cintrón-Ortiz his right to properly prepare for trial. The government cannot list the whole extraction as a piece of evidence and assume that the defendant will know which precise documents they will use. Again, it denies his right to move for pretrial motions of a specific document. Conversely, if the government discloses the specific evidence from the cellphone extractions it intends to use, the defense would then be able to file any pretrial motions after examining the admissibility, relevance and/or unfair prejudice of the listed items.

Here, the government's notice not only infringes the Federal Rules of Criminal Procedure and Evidence, but also violates Mr. Cintrón-Ortiz' Sixth Amendment rights, which guarantees him the right to confront the witnesses against him and to effective assistance of counsel. Without this information, Mr. Cintrón-Ortiz is not in position to file pretrial motions, including potential Rule 702 challenges.

WHEREFORE, Mr. Cintrón-Ortiz respectfully requests this Honorable Court to EXCLUDE these witnesses' testimonies.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that on this date I electronically filed the present motion with the Clerk of the Court using the CM/ECF system, which will send electronic notification of said filing to all parties of record.

In San Juan, Puerto Rico, this 15th day of August 2022.

Eric Alexander Vos
Federal Public Defender

*S/ Edwin A. Mora Rolland*
Edwin A. Mora Rolland
Assistant Federal Public Defender
USDC-PR 304603
241 F.D. Roosevelt Ave.
San Juan, PR 00918
787.281.4922
Fax 787.281.4899
edwin_mora@fd.org

*S/ Ivan Santos-Castaldo*
Ivan Santos-Castaldo
Assistant Federal Public Defender
USDC-PR 302814
241 F.D. Roosevelt Ave.
San Juan, PR 00918
787.281.4922
Fax 787.281.4899
ivan_santos@fd.org